## CAIN v. BLACKWELL. [*]
### No. 4893.

Court of Appeal of Louisiana.
Second Circuit.
Nov. 2, 1934.

Edwin M. Fraser, of Many, for appellant.
Ponder & Ponder, of Many, for appellee.

TALIAFERRO, Judge.

Plaintiff's petition sets forth that in September, 1930, he gave defendant his promissory note for $374.82, and secured payment thereof by executing a mortgage on his farm of 120 acres in Sabine parish, with homestead waiver therein; that on August 5, 1931, he paid $80 on the note, and on November 27, following, he paid $200 thereon, which credits were duly entered by defendant on said note; that on August 23, 1933, there was only a balance due on this mortgage note of $146.86, at which time a bank in the town of Many, Sabine parish, held it for collection.

He further alleges that on or shortly before September 25, 1933, he was approached by defendant about the note and the farm mortgaged to secure payment thereof, who stated to him (plaintiff) that he would like to acquire ownership of the farm by foreclosure of his mortgage thereon, and suggested that the said two credits on the note be erased and suit be entered on the note without taking into account said credits; in other words, that the foreclosure be for the original amount of the note, interest, and attorney's fees; that defendant, as inducement for petitioner acceding to the proposition made him, and as a consideration therefor, and additionally for petitioner not opposing sale of the land under these conditions and not soliciting bidders thereat, agreed and obligated himself, after such sale, to pay petitioner $300 cash. He avers that he accepted defendant's proposition, that the credits were erased from the note, the foreclosure suit immediately filed, and the land was sold by the sheriff at public sale to defendant for $100. He further avers that the mortgaged farm was well worth $6 per acre when sold, and would ordinarily have brought that amount at public sale; that, had defendant filed suit for the true balance due on said note, petitioner could have secured a purchaser for the property at

a price of $700, in which event he would have realized at least $300 therefrom, as the homestead exemption had not been waived beyond the amount due defendant. He further avers that, after demand therefor, defendant refused to pay him the $300 promised as a consideration for petitioner accepting his proposition to effect sale of the mortgaged farm in the manner hereinabove described. This suit is brought to recover said amount.

To plaintiff's petition and demand, defendant interposed an exception of no cause and no right of action, which was sustained and the suit dismissed. Plaintiff prosecutes this appeal therefrom.

Defendant, in support of his plea of no cause and no right of action, argues that the plea should be sustained for the reasons: (1) That the agreement sued on was one, if true, having for its object the stifling of bidding at the sheriff's sale, and therefore in contravention of public policy; (2) that plaintiff does not allegé that he complied with the obligations by him assumed in the contract sued on; (3) that he did not put defendant in default.

As to the last two arguments, they may be dismissed with the comment that no putting in default as a condition precedent to suit to recover on a promise to pay money, such as is alleged upon, is necessary. Amicable demand is averred. And that it is alleged that defendant's proposition was accepted by plaintiff, the credits on the note erased, foreclosure suit filed, the property seized and sold by the sheriff, and that defendant purchased it for the small amount of $100. The fact that the property, alleged to be worth over $700 and mortgaged originally to defendant for nearly $400, brought so small amount at sheriff's sale, speaks louder than words that plaintiff did not endeavor to secure bidders thereat. It indicates strongly that he was relying implicitly upon some sort of understanding with defendant in the matter.

We do not think the agreement sued on immoral or contrary to public policy. The rights of no third person, unless in a collateral way those of plaintiff's wife, were in the least involved or affected by the making and executing of such a contract. Bidding on the property when offered for sale was not stifled or chilled, so far as we are able to perceive. Any one desiring to bid for the land had the unquestioned right to do so. Such an one would have had to bid about $500 to have had the land adjudicated to him, because defendant would certainly have bid to the full amount of the note as foreclosed on, with in-

terest and attorney's fees, and in such case plaintiff could have recovered the difference between the true amount due by him on the note, plus cost of foreclosure, and the bid of such third person.

Whatever else may be said of the matter, it is certain defendant foreclosed on a note for $374.82 and interest, on which there was an erased credit of $280, for which plaintiff to date has received nothing. The homestead was sold for $280 in excess of the correct amount it stood mortgaged to pay.

If plaintiff was induced to pursue a course to his own detriment, relying upon the promises and agreements of defendant, he has the right to be heard in court so that the wrongs done him, if any, may be redressed.

For the reasons assigned, the judgment appealed from is reversed, annulled, and set aside, and this case is remanded to the lower court for further proceedings. Costs of appeal are assessed against defendant; other costs to await final judgment in the case.